Robert J. Gunther, Jr.
Cosmin Maier
WILMER CUTLER PICKERING
 HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 230-8800
(212) 230-8888 (fax)

*Attorneys for Greenwood Publishing
Group, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMPLIFY EDUCATION, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:13-cv-02687-LTS-RLE |
| ) | |
| GREENWOOD PUBLISHING GROUP, ) | **DEMAND FOR JURY TRIAL** |
| INC. D/B/A HEINEMANN, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |
| ) | |

## DEFENDANT GREENWOOD PUBLISHING GROUP, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO COMPLAINT

Defendant Greenwood Publishing Group, Inc. d/b/a Heinemann ("Greenwood" or

"Heinemann") by and through its undersigned attorneys, submits this Answer to the Complaint

filed by Plaintiff Amplify Education, Inc. ("Amplify"). To the extent not specifically admitted

below, Heinemann denies the allegations of the Complaint.

## NATURE OF THE ACTION

1.      Heinemann admits that the Complaint purports to be an action for patent infringement of U.S. Patent Nos. 7,114,126 (the "'126 patent") and 7,568,160 (the "'160 patent") (collectively, the "patents-in-suit").

## PARTIES

2.      Heinemann admits the allegations in Paragraph 2 of the Complaint.

3.      Heinemann admits the allegations in Paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4.      Heinemann admits that the Complaint purports to be an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

5.      Paragraph 5 contains legal conclusions to which no response is required. To the extent a response is deemed required, Heinemann admits that the Court has original jurisdiction over this action.

6.      Paragraph 6 contains legal conclusions to which no response is required. To the extent a response is deemed required, Heinemann admits that the Court has personal jurisdiction over this action but denies the remaining allegations of Paragraph 6 of the Complaint.

7.      Paragraph 7 contains legal conclusions to which no response is required. To the extent a response is deemed required, Heinemann admits that venue is proper in this judicial district, but denies the remaining allegations of Paragraph 7 of the Complaint.

## BACKGROUND

8.    Heinemann lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 8 of the Complaint, and therefore denies the same.

9.    Heinemann lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 9 of the Complaint, and therefore denies the same.

10.    Heinemann lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 10 of the complaint, and therefore denies the same.

11.    Heinemann admits that Heinemann is a publisher of professional books, including but not limited to Fountas & Pinnell's Benchmark Assessment system but denies the remainder of the allegations in Paragraph 11 of the Complaint.

12.    Heinemann denies the allegations in Paragraph 12 of the Complaint.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 7,144,126

13.    Each of Heinemann's answers to the preceding paragraphs 1 through 12 is incorporated as if fully set forth herein.

14.    Heinemann lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 14 of the complaint, and therefore denies the same.

15.    Heinemann admits that the '126 patent is entitled "System and Method for Real-Time Observation Assessment," that the '126 patent indicates that it was issued by the United States Patent and Trademark Office on September 26, 2006, and that an uncertified copy of the '126 patent is attached to the Complaint as Exhibit A.  Heinemann lacks knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 15 of the Complaint, and therefore denies the same.

16.    Heinemann denies the allegations in Paragraph 16 of the Complaint.

17.     Heinemann denies the allegations in Paragraph 17 of the Complaint.

18.     Heinemann denies the allegations in Paragraph 18 of the Complaint.

19.     Heinemann denies the allegations in Paragraph 19 of the Complaint.

20.     Heinemann denies the allegations in Paragraph 20 of the Complaint.

**COUNT II: INFRINGEMENT OF U.S. PATENT NO. 7,568,160**

21.     Each of Heinemann's answers to the preceding paragraphs 1 through 20 is incorporated as if fully set forth herein.

22.     Heinemann lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 22 of the complaint, and therefore denies the same.

23.     Heinemann admits that the '160 patent is entitled "System and Method for Real-Time Observation Assessment," that the '160 patent indicates that it was issued by the United States Patent and Trademark Office on July 28, 2009, and that an uncertified copy of the '160 patent is attached to the Complaint as Exhibit B.  Heinemann lacks knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 23 of the Complaint, and therefore denies the same.

24.     Heinemann denies the allegations in Paragraph 24 of the Complaint.

25.     Heinemann denies the allegations in Paragraph 25 of the Complaint.

26.     Heinemann denies the allegations in Paragraph 26 of the Complaint.

27.     Heinemann denies the allegations in Paragraph 27 of the Complaint.

28.     Heinemann denies the allegations in Paragraph 28 of the Complaint.

**AFFIRMATIVE DEFENSES**

By alleging the Affirmative Defenses set forth below, Heinemann does not agree or concede that it bears the burden of proof or the burden of persuasion on any of these issues,

whether in whole or in part.  For its Affirmative Defenses to the Complaint, Heinemann alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

### (Non-Infringement)

29.     Heinemann does not directly infringe and has not directly infringed, either literally or under the doctrine of equivalents, and does not indirectly infringe and has not indirectly infringed, by contributing to infringement or inducing infringement of any valid and enforceable claim of any of U.S. Patent Nos. 7,114,126 (the "'126 patent") or 7,568,160 (the "'160 patent") (collectively, the "patents-in-suit").

## SECOND AFFIRMATIVE DEFENSE

### (Invalidity)

30.     The claims of the patents-in-suit are invalid and/or unenforceable for failing to meet one or more of the requisite conditions for patentability under Title 35 of the United States Code, including without limitation §§ 101, 102, 103, 112, and/or 116.

## THIRD AFFIRMATIVE DEFENSE

### (Waiver, Acquiescence, and Estoppel)

31.     Each of the claims set forth in the Complaint is barred by the doctrines of waiver, acquiescence, and estoppel.

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

32.     Amplify has failed to state a claim upon which relief can be granted.

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to Mark)

33.     Amplify is barred in whole or in part for recovering damages for any alleged infringement of the patents-in-suit for failing to provide notice of the patents-in-suit pursuant to 35 U.S.C. § 287.

## SIXTH AFFIRMATIVE DEFENSE

### (Prosecution History Estoppel)

34.     By reason of proceedings in the United States Patent and Trademark Office during prosecution of each and every one of the patents-in-suit, and specifically statements, arguments, amendments, assertions, and/or representations made by or on behalf of the applicants for the patents-in-suit, Amplify is estopped to construe the claims of the patents-in-suit in any way to cover any product, method, or service of Defendants under the Doctrine of Equivalents.

## <u>COUNTERCLAIMS</u>

Counterclaim-plaintiff Greenwood Publishing Group, Inc. d/b/a Heinemann ("Greenwood" or "Heinemann") alleges as follows:

1.     These are counterclaims for declarations of non-infringement, invalidity, and unenforceability of one or more claims of U.S. Patent Nos. 7,114,126 (the "'126 patent") or 7,568,160 (the "'160 patent") (collectively, the "patents-in-suit") and for infringement of U.S. Patent No. 6,299,452 (the "'452 patent" or "Heinemann patent").

## THE PARTIES

2.      Counterclaim-plaintiff Greenwood Publishing Group, Inc. d/b/a Heinemann is a Delaware corporation with its principal place of business at 361 Hanover St., Portsmouth, NH 02801.

3.      Upon information and belief, counterclaim-defendant Amplify Education, Inc. ("Amplify") is a Delaware corporation with its principal place of business at 55 Washington St, Suite 900, Brooklyn, NY 11201-1071.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over these counterclaims pursuant to the Federal Patent Act, 28 U.S.C. §§ 1331, 1338, and 2201.

5.      Amplify has subjected itself to personal jurisdiction by filing a complaint for patent infringement against Heinemann in this District.

6.      To the extent venue is proper in this District as to the Complaint pursuant to 28 U.S.C. ¶ 1391, it is also proper as to these counterclaims.

7.      Amplify has sued Heinemann accusing Heinemann of infringing the patents-in-suit.  Heinemann denies that is has infringed any of the patents-in-suit.  Heinemann also has asserted that the patents-in-suit are invalid and/or unenforceable.

8.      Based on the foregoing, an actual, immediate and justiciable case and controversy exists between the parties concerning the infringement, validity, and enforceability of one or more claims of the patents-in suit, and that controversy is ripe for adjudication by this Court.

**AMPLIFY'S INFRINGEMENT OF THE '452 PATENT**

9.      U.S. Patent No. 6,299,452 was filed on July 9, 1999 and issued on October 9, 2001.  A copy of the '452 patent is attached as Exhibit A.

10.     The '452 patent was originally assigned to Cognitive Concepts, Inc. of Evanston, IL, and listed as inventors Janet Marie Wasowicz and Art Carl Maerlender.

11.     Cognitive Concepts was merged with and into Houghton Mifflin Harcourt Publishing Company ("HMH Publishing").  By way of the merger, HMH Publishing gained ownership and all rights to the patents assigned to Cognitive Concepts, including to the '452 patent.

12.     Counterclaim-plaintiff Greenwood is a subsidiary of HMH Publishing and does business under the name Heinemann.  HMH Publishing assigned all of its rights to the '452 patent to Greenwood.  Greenwood is now the sole owner and assignee of the '452 patent.

**FIRST COUNTERCLAIM**

**(Declaratory Judgment of Non-Infringement of the '126 Patent)**

13.     Heinemann incorporates and realleges Paragraphs 1 through 12 of this Counterclaim.

14.     Heinemann has not directly or indirectly infringed and is not directly or indirectly infringing any valid claim of the '126 patent.

15.     Heinemann is entitled to a declaratory judgment that it has not infringed and is not infringing any valid, enforceable claim of the '126 patent.

## SECOND COUNTERCLAIM

### (Declaratory Judgment of Invalidity of the '126 Patent)

16.     Heinemann incorporates and realleges Paragraphs 1 through 15 of this Counterclaim.

17.     One or more of the claims of the '126 patent are invalid for failing to meet one or more of the requisite conditions for patentability under Title 35 of the United States Code, including without limitation, §§ 101, 102, 103, and/or 112.

18.     Heinemann is entitled to declaratory judgment that the '126 patent is invalid and/or unenforceable.

## THIRD COUNTERCLAIM

### (Declaratory Judgment of Non-Infringement of the '160 Patent)

19.     Heinemann incorporates and realleges Paragraphs 1 through 18 of this Counterclaim.

20.     Heinemann has not directly or indirectly infringed and is not directly or indirectly infringing any valid claim of the '160 patent.

21.     Heinemann is entitled to a declaratory judgment that it has not infringed and is not infringing any valid, enforceable claim of the '160 patent.

## FOURTH COUNTERCLAIM

### (Declaratory Judgment of Invalidity of the '160 Patent)

22.     Heinemann incorporates and realleges Paragraphs 1 through 21 of this Counterclaim.

23.     One or more of the claims of the '160 patent are invalid for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability under Title 35 of the United States Code, including without limitation, §§ 101, 102, 103, and/or 112.

24.     Heinemann is entitled to declaratory judgment that the '160 patent is invalid and/or unenforceable.

## FIFTH COUNTERCLAIM

### (Unenforceability of the Patents-in-Suit)

25.     Heinemann incorporates and realleges the allegations set forth in paragraphs 1 through 24 of the Counterclaim as if fully set forth herein.

26.     Each of the patents-in-suit is unenforceable because of waiver, estoppel, laches, acquiescence, and/or other applicable equitable doctrine.

27.     Heinemann is entitled to a declaratory judgment that each of the patents-in-suit is unenforceable.

## SIXTH COUNTERCLAIM

### (Infringement of the '452 Patent)

28.     Heinemann incorporates and realleges the allegations set forth in paragraphs 1 through 27 of the Counterclaim as if fully set forth herein.

29.     Amplify has infringed and continues to infringe, literally and under the doctrine of equivalents, directly and indirectly through contributory and/or induced infringement, one or more claims of the '452 Patent by using, selling and/or offering to sell in the United States and/or importing into the United States, Amplify's Assessment products, including but not limited to the Burst®:Reading product.  Amplify's infringing activities violate 35 U.S.C. § 271.

30.     Heinemann is informed and believes, and on that basis alleges, that Amplify has gained profits by virtue of its infringement of the '452 patent.

31.     Heinemann has sustained damages as a direct and proximate result of Amplify's infringement of the '452 patent.

32.     Heinemann will suffer and is suffering irreparable harm from Amplify's infringement of the '452 patent.  Heinemann has no adequate remedy at law and is entitled to an injunction against Amplify's continuing infringement of the '452 patent.  Unless enjoined, Amplify will continue its infringing conduct.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, Heinemann respectfully requests that the Court:

a)  Dismiss the Complaint in its entirety with prejudice and deny each request for relief made by Plaintiff;

b)  Enter a judgment and declaration that all of the claims of the '126 patent are invalid and/or unenforceable;

c)  Enter a judgment and declaration that all claims of the '126 patent are not infringed by Heinemann.

d)  Enter a judgment and declaration that all of the claims of the '160 patent are invalid and/or unenforceable;

e)  Enter a judgment and declaration that all claims of the '160 patent are not infringed by Heinemann;

f)  Enter a judgment awarding Heinemann all damages adequate to compensate for Amplify's infringement of the '452 patent, and in no event less than a

reasonable royalty for Amplify's acts of infringement, including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

(g)  Enter a judgment that this is an exceptional case and an award to Heinemann of its costs and reasonable attorneys' fees in this action as provided by 35 U.S.C. § 285; and

h)  Award Heinemann any such other and further relief as the Court deems just and proper.

## JURY DEMAND

Heinemann demands a trial by jury on all issues triable by jury.

DATED: October 3, 2013                    /s/  Cosmin Maier _____
                                          Robert J. Gunther, Jr.
                                          Cosmin Maier
                                          WILMER CUTLER PICKERING
                                           HALE AND DORR LLP
                                          7 World Trade Center
                                          250 Greenwich Street
                                          New York, NY 10007
                                          (212) 230-8800
                                          (212) 230-8888 (fax)

                                          *Attorneys for Greenwood Publishing Group, Inc.*