## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

AMPLIFY EDUCATION, INC.,

                Plaintiff/Counterclaim Defendant,

      v.

GREENWOOD PUBLISHING GROUP, INC.
d/b/a HEINEMANN,

            Defendant/Counterclaim Plaintiff.

Civil Action No. 1:13-cv-02687-LTS

**JURY TRIAL DEMANDED**

## AMPLIFY'S RESPONSE TO HEINEMANN'S COUNTERCLAIMS

Plaintiff/Counterclaim Defendant Amplify Education, Inc. ("Amplify"), by and through its attorneys, responds to Defendant/Counterclaim Plaintiff Greenwood Publishing Group, Inc. d/b/a Heinemann's ("Heinemann") counterclaims as follows. To the extent not specifically admitted below, Amplify denies the allegations of Heinemann's counterclaims.

### HEINEMANN'S COUNTERCLAIMS

1.      Amplify admits that Heinemann's counterclaims are for declarations of non-infringement, invalidity, and unenforceability of U.S. Patent Nos. 7,114,126 ("the '126 patent") 7,568,160 ("the '160 patent") (collectively "the Amplify patents") asserted against Heinemann but denies that such counterclaims have merit. Amplify further admits that Heinemann purports to assert a counterclaim for infringement of U.S. Patent No. 6,299,452 ("the '452 patent") but denies that it has committed any acts of infringement as alleged in the counterclaim. Amplify denies the remaining allegations of Paragraph 1.

## THE PARTIES

2.       Amplify is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 and therefore denies all such allegations.

3.       Amplify admits that it is a Delaware corporation and that it has a place of business at 55 Washington Street, Suite 900, Brooklyn, NY 11201-1071.  All other allegations of Paragraph 3 are denied.

## JURISDICTION AND VENUE

4.       Amplify admits that this Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, and 2201.

5.       Amplify admits that it is subject to personal jurisdiction in this District for purposes of this action.

6.       Amplify admits that venue is proper in this District for purposes of this action only, but denies committing any acts of infringement in this District, or any other judicial District.

7.       Amplify admits that it filed a complaint for patent infringement against Heinemann.  Amplify further admits that Heinemann has attempted to assert affirmative defenses of non-infringement and invalidity, and counterclaims for declaratory judgment of non-infringement, invalidity, and unenforceability, but denies that these defenses and counterclaims have merit.  Amplify denies the remaining allegations of Paragraph 7.

8.       Amplify admits that an actual and justiciable case or controversy exists between Amplify and Heinemann with respect to Heinemann's infringement of the Amplify patents and with respect to Heinemann's defenses and counterclaims related to the Amplify patents, and that this controversy is ripe for adjudication by this Court.  Amplify further denies any liability for

the alleged infringement of the '452 patent.  Amplify denies the remaining allegations of Paragraph 8.

9.      Amplify admits that the face of the '452 patent indicates that it was filed on July 9, 1999 and that it issued on October 9, 2001.  Amplify is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 9 and therefore denies them.

10.      Amplify admits that the face of the '452 patent lists Cognitive Concepts, Inc. as the Assignee and lists as named inventors Janet Marie Wasowicz and Art Carl Maerlender. Amplify is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 10 and therefore denies them.

11.      Amplify is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 and therefore denies them.

12.      Amplify is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 and therefore denies them.

**FIRST COUNTERCLAIM**

13.      Amplify incorporates and re-alleges each of the allegations contained in all preceding paragraphs, and incorporates them herein.

14.      Amplify denies the allegations of Paragraph 14.

15.      Amplify denies the allegations of Paragraph 15.

**SECOND COUNTERCLAIM**

16.      Amplify incorporates and re-alleges each of the allegations contained in all preceding paragraphs, and incorporates them herein.

17.      Amplify denies the allegations of Paragraph 17.

**AMPLIFY'S RESPONSE TO HEINEMANN'S COUNTERCLAIMS – PAGE 3**

18.     Amplify denies the allegations of Paragraph 18.

## THIRD COUNTERCLAIM

19.     Amplify incorporates and re-alleges each of the allegations contained in all preceding paragraphs, and incorporates them herein.

20.     Amplify denies the allegations of Paragraph 20.

21.     Amplify denies the allegations of Paragraph 21.

## FOURTH COUNTERCLAIM

22.     Amplify incorporates and re-alleges each of the allegations contained in all preceding paragraphs, and incorporates them herein.

23.     Amplify denies the allegations of Paragraph 23.

24.     Amplify denies the allegations of Paragraph 24.

## FIFTH COUNTERCLAIM

25.     Amplify incorporates and re-alleges each of the allegations contained in all preceding paragraphs, and incorporates them herein.

26.     Amplify denies the allegations of Paragraph 26.

27.     Amplify denies the allegations of Paragraph 27.

## SIXTH COUNTERCLAIM

28.     Amplify incorporates and re-alleges each of the allegations contained in all preceding paragraphs, and incorporates them herein.

29.     Amplify denies the allegations of Paragraph 29.

30.     Amplify denies the allegations of Paragraph 30.

31.     Amplify denies the allegations of Paragraph 31.

32.     Amplify denies the allegations of Paragraph 32.

**AMPLIFY'S RESPONSE TO HEINEMANN'S PRAYER FOR RELIEF**

Amplify denies all allegations and characterizations in Heinemann's prayer for relief and denies that Heinemann is entitled to any judgment or relief.

**AMPLIFY'S AFFIRMATIVE DEFENSES**

Amplify asserts the following Affirmative Defenses in response to Heinemann's counterclaims.  Amplify reserves the right to amend its Response to add additional Affirmative Defenses as they become known throughout the course of discovery in this case.  Assertion of a defense is not a concession that Amplify has the burden of proving the matter asserted.

**FIRST AFFIRMATIVE DEFENSE**
**(No Infringement)**

Amplify has not infringed, and does not infringe, either literally or under the doctrine of equivalents, any valid, asserted claim of the '452 patent, whether directly, indirectly, individually, jointly, contributorily, and/or by inducement.

**SECOND AFFIRMATIVE DEFENSE**
**(Invalidity)**

The claims of the '452 patent are invalid and/or unenforceable because they fail to satisfy one or more of the conditions for patentability specified in Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

**THIRD AFFIRMATIVE DEFENSE**
**(Limitation on Damages)**

Heinemann's recovery for alleged infringement of the '452 patent, if any, is limited by Title 35 of the United States Code, including without limitation, 35 U.S.C. §§ 286 and/or 287.

## FOURTH AFFIRMATIVE DEFENSE
### (Equitable Defenses)

Heinemann's claims are barred, in whole or in part, by equitable doctrines including the doctrines of waiver, laches, acquiescence, and/or estoppel.

## FIFTH AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel)

Heinemann is estopped, based on statements, representations, and admissions made during the prosecution of the patent application resulting in the '452 patent from asserting any interpretation of the claims of the '452 patent that would be broad enough to cover any of Amplify's technology or the use thereof.

## SIXTH AFFIRMATIVE DEFENSE
### (Failure to State a Claim / Lack of Standing)

Heinemann has failed to state a claim for which relief can be granted and/or lacks standing to seek relief for infringement of the '452 patent.

## SEVENTH AFFIRMATIVE DEFENSE
### (28 U.S.C. § 1498)

Heinemann's remedies, if any, are limited under 28 U.S.C. § 1498.

## ADDITIONAL CAUSES OF ACTION AGAINST
## GREENWOOD PUBLISHING GROUP, INC. d/b/a HEINEMANN

Amplify Education, Inc. ("Amplify"), by and through its attorneys, alleges the following new claims for declaratory judgment against Greenwood Publishing Group, Inc. d/b/a Heinemann ("Heinemann"):

## NATURE OF THE ACTION

1.      These are counterclaims for declaratory judgment of non-infringement and invalidity of the '452 patent.

**AMPLIFY'S RESPONSE TO HEINEMANN'S COUNTERCLAIMS – PAGE 6**

**THE PARTIES**

2.      Amplify is a Delaware corporation with offices at 55 Washington Street, Suite 900, Brooklyn, NY 11201-1071 and 1155 Avenue of the Americas, New York, NY 10036.

3.      Based on the allegations of Paragraph 2 of Heinemann's counterclaims, Heinemann is a Delaware corporation with its principal place of business at 361 Hanover St., Portsmouth, NH 02801.

**JURISDICTION AND VENUE**

4.      This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201-2202.

5.      This Court has personal jurisdiction over Heinemann because it purposefully engages in business in the United States and within this District and provides infringing products and services within this District.

6.      Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400 because, among other reasons, Heinemann is subject to personal jurisdiction in this District, Heinemann has asserted its infringement claim against Amplify in this District, and has infringed and continues to infringe the Amplify patents in this District.

**COUNT III: DECLARATORY JUDGMENT OF**
**NON-INFRINGEMENT OF U.S. PATENT NO. 6,299,452**

7.      Amplify restates and re-alleges each of the allegations contained in all preceding paragraphs, and incorporates them herein.

8.      Based on Heinemann's counterclaim, an actual case or controversy exists between Amplify and Heinemann as to whether or not Amplify has infringed the '452 patent.

9.      Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., Amplify requests a declaration by the Court that Amplify has not infringed, and does not

infringe, any valid, asserted claim of the '452 patent, whether directly, indirectly, individually, jointly, contributorily, and/or by inducement.

10.     Absent such a declaration, Amplify has no adequate remedy at law.

## COUNT IV: DECLARATORY JUDGMENT OF
## INVALIDITY OF U.S. PATENT NO. 6,299,452

11.     Amplify restates and re-alleges each of the allegations contained in all preceding paragraphs, and incorporates them herein.

12.     Based on Heinemann's counterclaim, an actual case or controversy exists between Amplify and Heinemann as to the validity of the claims of the '452 patent.

13.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Amplify requests a declaration by the Court that each asserted claim of the '452 patent is invalid for failing to satisfy the conditions for patentability specified in Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

14.     Absent such a declaration, Amplify has no adequate remedy at law.

## AMPLIFY'S PRAYER FOR RELIEF

WHEREFORE, Amplify respectfully requests that this Court grant the relief requested in its Complaint, enter judgment in its favor on Heinemann's counterclaims, and grant the following additional relief:

A.     Judgment finding that Amplify does not infringe any valid, asserted claim of the '452 patent;

B.     Judgment finding that the '452 patent is invalid and/or unenforceable;

C.     Denial of any and all relief requested by Heinemann in its counterclaims;

D.     An order dismissing Heinemann's counterclaims in their entirety with prejudice;

E.    A declaration that this is an exceptional case in favor of Amplify and an award to Amplify of its costs, attorneys' fees, and all other expenses incurred in this action pursuant to 35 U.S.C. § 285;

F.    Any other and further relief that the Court deems just and proper.

## JURY DEMAND

Amplify demands a trial by jury on all issues triable by jury.

Dated:  October 24, 2013                     Respectfully submitted,


                                             FISH & RICHARDSON P.C.


                                     By: /s/ *Karolina Jesien*
                                             Karolina Jesien, Esq.  (KJ 7292)
                                             601 Lexington Avenue
                                             52nd Floor
                                             New York, NY 10022
                                             Telephone: (212) 765-5070
                                             Facsimile: (212) 258-2291
                                             jesien@fr.com

                                             Ruffin Cordell, Esq. (Of Counsel)
                                             Indranil Mukerji, Esq. (*Pro Hac Vice Pending*)
                                             1425 K Street, N.W.
                                             11th Floor
                                             Washington, DC 20005-3682
                                             Telephone: (202) 783-5070
                                             Facsimile: (202) 783-2331
                                             cordell@fr.com
                                             mukerji@fr.com

                                             Attorneys for Plaintiff
                                             AMPLIFY EDUCATION, INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served October 24, 2013, via the Court's ECF system upon all counsel designated to receive such notices.

*/s/ Lina Tessitore*
Lina Tessitore