UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: OCT 2 5 2013
```

AMPLIFY EDUCATION, INC.,

                      Plaintiff(s),

-against-

GREENWOOD PUBLISHING,

                      Defendant(s).

No. 13 Civ. 2687 (LTS) (RLE)
PRE-TRIAL SCHEDULING
ORDER NO. 1

LAURA TAYLOR SWAIN, DISTRICT JUDGE:

    A pre-trial conference was last held in this matter on October 25, 2013. The Court hereby makes the following provisions for scheduling and trial in this matter. To the extent copies of this Order were not distributed to all parties in open court or posted on ECF in an ECF case, Plaintiff's counsel must serve a copy of this Pre-Trial Scheduling Order on counsel for each other party and must also serve a copy on each unrepresented party, within fourteen (14) days from the date hereof. A copy of this Pre-Trial Scheduling Order shall be served with any subsequent process that brings in additional parties. Proof of such service must be filed promptly with the Court.

    The S.D.N.Y. Local Patent Rules apply in this case, except as otherwise specified in this or another Order of the Court.

1.    Amendments to Pleadings, Additional Parties

    All applications to amend pleadings or join parties, or amendments or joinders as of right, must be made by **December 2, 2013**.

2.    Discovery

    a.    The discovery procedures set forth in the Pilot Project description annexed to the Court's October 31, 2011 Standing Order (11 Misc. 00388) (the "Pilot Project Description") apply unless otherwise ordered.

b.  Rule 26(a)(1) disclosures

   ___ are not required, OR
   Must be made by **November 8, 2013**

c.  All non-expert witness discovery in this matter must be completed by **60 days after the issuance of the Court's claim construction order**.

d.  Each party must make its expert witness disclosures described in Rule 26(a)(2) of the Federal Rules of Civil Procedure concerning expert(s), if any, to be offered on issues as to which such party has the burden of proof or otherwise in support of the party's case, no later than **105 days before the date set forth in paragraph 2.e. below**. Rebuttal disclosures must be made no later than **45 days before the date set forth in paragraph 2.e. below.** Such disclosures must be made in writing, signed and served, but must not be filed with the Court.

e.  All expert witness discovery must be completed by **150 days after the completion of fact discovery**.

f.  (If applicable) All class certification-related discovery must be completed by **N/A**

g.  Additional limitations or provisions: The parties agree to forego preservation depositions.

3. Class Certification Motion Practice

   **N/A**

4. Modification and Supplementation of Certain Patent Local Rules

The parties must make their disclosures and file claim construction briefing in accordance with the S.D.N.Y. Local Patent Rules ("LPR"). The parties' disclosures pursuant to LPR 6 must be filed within **60 days** after the date of this Order, must include the information specified in Rule 3-1 of the Patent Local Rules of the U.S. District Court for the Northern District of California (December 1, 2009) (the "NDCLPR") Rules"), and must be accompanied by the document disclosure described in NDCLPR 3-2. The parties' invalidity contentions pursuant to LPR 7 must be filed within **60 days** after service of their sLPR 6 disclosure, must include the information described in NDCLPR 3-3, and must be accompanied by the document diclosure described in NDCLPR 3-4. NDCLPR 3-6 also applies. The disclosures pursuant to LPR 6 and 7 must be filed with the Court at the time of service. The Joint Claim Terms Chart pursuant to LPR 11 must be filed within **60 days** after service of the parties' sLPR 7 disclosure. If the parties believe that a <u>Markman</u> hearing

will be required, the Joint Claims Term Chart must be accompanied by a request that the Court schedule a Markman hearing and an estimate of the amount of time that should be allocated for such a hearing. The parties must file their respective opening claim construction briefs on their asserted patents within **14 days** after their filing pursuant to LPR 11, responsive briefs within **30 days** after filing of the opening briefs, and reply briefs within **7 days** after filing of the responsive briefs. Courtesy copies of the filings pursuant to , LPR 6, 7, 11, and 12 must be provided for Chambers at the time of filing.

5.  Joint Preliminary Trial Report

    The Joint Preliminary Trial Report covering the matters enumerated in subdivision IV.A. of the Pilot Project Description must be filed, with one courtesy copy provided for Chambers, within 14 days after the completion of fact discovery, unless otherwise ordered. At the time the Report is filed, the parties must make a written request to the Court to schedule a Case Management Conference, at which time a dispositive motion deadline and final pretrial conference date will be set.

6.  Dispositive Pre-Trial Motions

    Dispositive motions, if any, seeking resolution, in whole or in part, of the issues to be raised at trial must be served and filed on or before **TBD**. Section B.3 of the undersigned's Individual Practices Rules governs pre-motion procedures. If the movant believes the motion, if granted, would obviate entirely the necessity of a trial in this matter, the movant may so state in a separate MOTION FOR STAY, which must be served and filed with the moving papers, and may in such stay motion request that the Court defer the remaining requirements of this Order pending its decision on the dispositive motion. Unless the Court grants such stay motion, the filing of a dispositive motion does not affect the parties' obligations under this Order.

7.  Other Pre-Trial Motions

    a.  Any Daubert motion practice must be initiated no later than sixty (60) days before **the date set forth in paragraph 10 below**.

    b.  Other motions, including but not limited to non-Daubert motions in limine relating to evidentiary issues, must be filed and served no later than thirty (30) days before **the date set forth in paragraph 10 below**.

8.  Joint Final Trial Report

    The Joint Final Trial Report covering the matters enumerated in subdivisions IV.C. and

IV.D. of the Pilot Project Description must be filed, with one courtesy copy provided for Chambers, no later than twenty-eight (28) days **before the date set forth in paragraph 10 below.**

    a.    The Joint Final Trial Report must also state clearly the parties' positions as to whether the case is to be tried, in whole or in part, to a jury, and must state whether all parties consent to trial of the case by a magistrate judge (without identifying which parties have or have not so consented.

    b.    The format of the exhibit list presented in the Joint Final Trial Report must be substantially as illustrated below.

| Exhibit Number or Letter | Description | Objection(s), if any | Status |
|---|---|---|---|
|  |  |  |  |

        i.    If there is more than one Plaintiff or Defendant, the parties must coordinate their designations so as to avoid duplication.

        ii.    In the "Objection(s)" column of the table, any objections must be explained briefly, with citation to the relevant Federal Rule of Evidence or other legal authority.

        iii.    The "Status" column should be left blank, for later use by the Court.

    c.    The Joint Final Trial Report should also be submitted to Chambers on a CD-Rom in WordPerfect or Microsoft Word format.

    d.    One copy of each documentary exhibit to be offered at trial should be provided to the Court at the time the Joint Final Trial Report is filed. Such exhibits must be pre-marked. In the event that a party intends to offer more than 15 documentary exhibits at the trial, the exhibits should be tabbed and included in a binder, or otherwise organized for easy reference and access. On the day of trial, counsel must bring additional pre-marked copies for use by witnesses, the courtroom deputy, the court reporter, opposing parties and (if applicable) the jury.

    e.    Proposed verdict forms (with any objections noted) must also be provided to the Court at the time that the Joint Final Trial Report is filed. Courtesy copies and electronic versions in WordPerfect or Microsoft Word format must be provided.

9.    <u>Requests to Charge</u>

Requested final jury instructions must be filed as a single document, captioned Joint Requests to Charge and including the full text of the parties' proposed jury instructions and a brief explanation (with legal citations) of the objections, if any, to disputed requests to charge, must be filed (and a courtesy copy provided for Chambers) **with the Joint Final Trial Report.**

The Joint Requests to Charge must also be submitted to Chambers on a CD-Rom in WordPerfect or Microsoft Word format.

10. Final Pre-Trial Conference

    The parties are directed to appear before the undersigned in Courtroom No. 17C[1], 500 Pearl Street, New York, NY 10007, for a final pre-trial conference on **TBD**, at **TBD**. The parties must be trial-ready by this conference date. The conference will cover the matters enumerated in subdivision IV.E. of the Pilot Project Description. The trial date will be set at the conference if one has not previously been designated.

    The Court will not adjourn the final pre-trial conference or excuse the appearance of a party or its counsel unless a stipulation of settlement is on file prior to the pre-trial conference date set forth in this paragraph 10.

11. No Adjournment of Deadlines

    The deadlines set forth in this Pre-Trial Scheduling Order will not be adjourned except in the Court's discretion upon good cause as shown in a written application signed by counsel, stating whether the other part(ies) consent, and served upon all parties. "Good cause," as used in this paragraph, does not include circumstances within the control of counsel or the client.

12. Non-Compliance with This Order

    In the event that any party fails to comply with this Pre-Trial Scheduling Order, or is not prepared to go forward with trial on the date scheduled, the Court may impose sanctions or take other action as appropriate. Such sanctions and action may include assessing costs and attorney's fees, precluding evidence or defenses, dismissing the action, granting judgment by default, and/or other appropriate penalties.

13. Other Matters

---

[1] On the day of the conference, check the electronic board in the lobby to be certain of the proper courtroom.

a. Trial witnesses not previously deposed _X_ (will) ___ (will NOT) be made available for deposition before the commencement of trial.

b. The parties must complete a good faith mediation process by **May 12, 2014.** The parties must inform the Court by letter, by **March 1, 2014,** as to whether they wish the Court to enter a reference to Judge Ellis for this purpose.

c. The parties must make good faith effort to minimize the number of claims being asserted and the number of prior art references, including by conferring on these issues prior to the service of infringement contentions and upon the close of fact discovery. Within **7 days** following the close of fact discovery, if the parties have not agreed on such minimization, they must file a joint claim narrowing/prior art minimization statement with the legal basis for each party's proposals for further streamlining.

IT IS SO ORDERED.

Dated: New York, New York
October 25, 2013

LAURA TAYLOR SWAIN
United States District Judge