```
 1                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF NEW YORK
 3

 4   ------------------------------------X
                                         :
 5   AMPLIFY EDUCATION, INC.,            :
                                         : 13-CV-2687 (LTS)
 6                   Plaintiffs,         :
                                         :
 7              v.                       : October 25, 2013
                                         : New York, New York
 8   GREENWOOD PUBLISHING GROUP, INC.,   :
                                         :
 9                   Defendant.          :
     ------------------------------------X
10
        TRANSCRIPT OF CIVIL CAUSE FOR INITIAL PRETRIAL CONFERENCE
11             BEFORE THE HONORABLE LAURA TAYLOR SWAIN
                    UNITED STATES DISTRICT JUDGE
12

13   APPEARANCES:

14
     For the Plaintiffs:          INDRANIL MUKERJI, ESQ.
15                                KAROLINA JESIEN, ESQ.
                                  Fish & Richardson P.C.
16                                601 Lexington Avenue
                                  New York, New York 10022
17

18   For the Defendant:           ROBERT J. GUNTHER, ESQ.
                                  COSMIN MAIER, ESQ.
19                                Wilmer, Cutler, Hale & Dorr, LLP
                                  7 World Trade Center
20                                New York, New York 10007

21

22
                                  [
23
     Court Transcriber:           SHARI RIEMER
24                                TypeWrite Word Processing Service
                                  211 N. Milton Road
25                                Saratoga Springs, NY 12866




     Proceedings recorded by electronic sound recording,
     transcript produced by transcription service
```

                                                                    2

1               THE COURT: Good morning.  Please be seated.
2               This is the initial pretrial conference in the
3    matter of <u>Amplify Education v. Greenwood Publishing Group</u>
4    <u>a/k/a Heinemann</u>, Number 13-CV-2687.
5               For the benefit of the digital audio record, this is
6    Judge Swain speaking.  Counsel, would you be good enough to
7    introduce yourselves by way of stating your appearances?
8               MR. MUKERJI:  Good morning, Your Honor.  Indranil
9    Mukerji from Fish & Richardson.  With me from my firm is
10   Karolina Jesien and our general counsel Laz Koffitz [Ph.] is
11   here as well.
12              THE COURT: good morning, Mr. Mukerji, Ms. Jesien and
13   Mr. Koffitz.
14              MR. GUNTHER:  Good morning, Your Honor.  For
15   Greenwood Heinemann, Bob Gunther from Wilmer Hale and with me
16   is my colleague Cosmin Maier.
17              THE COURT: Good morning, Mr. Gunther and Mr. Maier.
18              Thank you for your joint preconference report.  That
19   was very helpful to me in preparing for the conference.  So I
20   -- what I intend to do is go through a couple of the issues
21   that you addressed but mostly the reports is clear and
22   comprehensive, explain a couple of features of my case
23   management.  I'll enter a scheduling order and give you
24   conformed copies of the order before we part company.
25              So I see that you agreed to enter into -- to the

3

1 entry of the form patent e-discovery order which was
2 recommended by the advisory counsel of the federal circuit.
3 And so I have prepared a form of that order which if you'll
4 give me a second I'm going to find so that I can keep track of
5 everything and I will enter that. I will give you conformed
6 copies of that. So that's here.
7      I apologize that the initial conference orders
8 reference to certain Northern District of California rules
9 hadn't been updated to coordinate with our Southern District
10 rules. What I do since the adoption of the Southern District
11 rules is still add on certain features of the Northern
12 District rules so that the local rules apply but I adopt the
13 formatting principles of the Northern District 3-1 plain terms
14 chart in terms of content and also the disclosure provisions
15 that accompany that Northern District rule in implementing the
16 Southern District's rules which are phrased more generally.
17 So I will incorporate those provisions of 3-1. I think it's
18 3-1, 3-2, 3-3 and 3-4 in conjunction with the scheduling
19 provisions that refer to our local rule provisions, and that
20 will all be set out in the scheduling order.
21      I would like to hear from Heinemann a little bit
22 more about the claim narrowing procedure proposal. I
23 certainly think it makes a great deal of sense for the parties
24 to use best efforts and to have particular points of encounter
25 specified is helpful. Would you talk to me a little bit about

4

1  the proposed case narrowing statement aspect of the proposal?
2              MR. GUNTHER:  Yes, Your Honor.  So they have two
3  patents.  We have one.  They have a total of 66 claims with
4  the two patents.  We have -- with our one patent 68 claims.
5  So our thought was -- and we're really -- the rubber really
6  hits the road I think is when you get to the point of
7  invalidity contentions because that's where if parties are
8  asserting 40 or 45 claims there can be just an awful lot of
9  work that has to be done and I think the general experience is
10 by the time we get to trial we're usually down to five claims
11 or less for the most part.
12             So our thought was that two good points to try to
13 look at that issue was first, before we actually submit our
14 infringement contentions and so we had suggested a meet and
15 confer procedure where the parties would get together and see
16 if we could agree on a number of claim terms at that point.
17 Our feeling was that if we couldn't that we ought to report to
18 you basically with each making a short statement about where
19 we think we are on claim narrowing seven days after that
20 period and then we thought if we -- maybe that might be a
21 little bit early.  Maybe we'd be lucky and we'd be able to get
22 an agreement at that point but if we couldn't the next logical
23 point it seems to us would be at the fact discovery before we
24 go into expert reports where the difficulty of actually having
25 to lay out all of the invalidity contentions for multiple

1  claims that might not ever get to trial would be another good
2  place to look at it.
3              So we thought again meet and confer before the close
4  of fact discovery, see if we could agree on a reduced number
5  of claims for both sides.  If we can't, report to you again
6  within seven days and then I think that might make sense at
7  either point to maybe get back together with the court to see
8  where we are and to see whether we're making progress or
9  whether there's some way for the court to assist us in making
10 progress in narrowing the scope of the case.
11             THE COURT: So you're not thinking of the claim
12 narrowing statement as being -- as initiating some sort of
13 formal early summary judgment motion practice or anything like
14 that but as a thoughtful memorialization of the parties
15 positions at that point in time and a possible predicate for a
16 conference with the court if the parties believe that that
17 would be useful at that time?
18             MR. GUNTHER: That's correct, Your Honor.
19             THE COURT: Mr. Mukerji, are you amenable to that
20 procedure?
21             MR. MUKERJI: Yes, Your Honor.  So certainly we're
22 willing to work with the other side to narrow the number of
23 claims.  It would be suicidal to try 134 patent claims.
24             THE COURT: I'm glad you agree.
25             MR. MUKERJI: The issue we're wrestling with is that

6

1  the counterclaim patent that Heinemann has asserted against us
2  is one that they obtained it recently right before the
3  counterclaim.  It's something that we're still getting up to
4  speed on.
5          So I think what Mr. Gunther says about the convening
6  right at the end of fact discovery to try to narrow it before
7  expert discovery makes a lot of sense.  I don't know at this
8  early stage whether we would meaningfully be able to sort of
9  assess what it means to narrow claims.
10         The other thing I would note is typically what I've
11 seen when we go through this exercise of narrowing claims and
12 streamlining things for trial is that there's a quid pro quo
13 where the defendant, the accused infringer, basically also
14 narrows the number of prior art references that they'll bring
15 against the claims and that way it's a bilateral streamlining
16 that happens.  I would suspect that Mr. Gunther is not in a
17 position to do that quite yet either as we are not on their
18 counterclaim patent.
19         So I think the streamlining makes a great deal of
20 sense and it's just a question of timing and I would suggest
21 adopting part of Mr. Gunther's suggestion that we -- that we
22 do this at the end of fact discovery.
23         THE COURT: Well, what I was contemplating doing was
24 to include a provision in the scheduling order that says the
25 parties must make good faith efforts to minimize the number of

7

1  claims being asserted including by conferring on this issue
2  prior to the service of infringement contentions and upon the
3  close of fact discovery.  I hadn't included language about the
4  claim narrowing statement because I needed a further
5  explanation of its function and of course I hadn't said
6  anything about prior art reference narrowing because that
7  hadn't been raised in the submission.
8           So I think what I'm hearing from Mr. Mukerji if I
9  can make it concrete here is that plaintiff would be amenable
10 to a claim narrowing statement requirement following the close
11 of fact discovery.  Plaintiff would like this principle and
12 the narrowing statement also expanded to cover prior art
13 references so that there would be good faith effort to
14 minimize the number of prior art references as well as the
15 number of claims but leave the situation a little more fluid
16 in terms of any submission on failure to narrow or declining
17 to narrow at the time of the original infringement than in
18 validity contention submissions.  Is that basically where you
19 are?
20          MR. MUKERJI: Your Honor just said it better than I
21 did so, yes.
22          THE COURT: I don't know about that but I'm glad that
23 I understand.
24          Mr. Gunther, would that structure work for you?
25          MR. GUNTHER: Your Honor, I think that's a reasonable

1  sort of middle ground and I think that that would work for us,
2  yes.
3              THE COURT: Great.  Let me scribble myself a note
4  here and then when I put it into the order that I type up I'll
5  read it out to you.
6                      [Pause in proceedings.]
7              THE COURT: I'll read too what I scribbled out here.
8  So it would say the parties must make good faith efforts to
9  minimize the number of claims being asserted and the number of
10 prior art references including by conferring on these issues
11 prior to the service of infringement contentions and upon the
12 close of fact discovery.  Within seven days following the
13 close of fact discovery if the parties have not agreed on
14 such -- just a minimization here.  They must file a joint
15 claim narrowing/prior art minimization statement with the
16 legal basis for each parties proposals for further
17 streamlining.  Does that caption the essence?
18             MR. MUKERJI: It sure does, Your Honor.  Thank you.
19             MR. GUNTHER: That's fine, Your Honor.  Thank you
20 very much.
21             THE COURT: So I will include that in the scheduling
22 order.
23             I am going to incorporate the three brief proposal
24 of the plaintiff on Markman issues.  If I do end up referring
25 the case to a magistrate judge for general pretrial management

9

1  or for any other purpose it is my practice to be in
2  communication with the magistrate judge so that our efforts
3  are coordinated toward the most efficient management of the
4  litigation.
5           I don't see at this point a need to enter a
6  reference today.  So you can submit to me your protective
7  order proposal for entry.
8           With respect to the May 12th deadline for mediation,
9  I'm going to include a requirement that you complete a good
10 faith mediation process by May 12, 2014, that you must inform
11 the court by letter by March 1 as to whether you want the
12 court to enter a reference to the designated magistrate judge
13 for this purpose.  So that gives you some time to decide
14 whether you want to do an outside process or with Judge Ellis.
15          So what I'll do now is start typing up the
16 scheduling order and I will call out the dates that I'm
17 entering but since I'll be giving each table a conformed copy
18 before we part company you don't have to take detailed notes
19 if you don't want to and I'll indicate where if at all I am
20 deviating from your proposals and why.  So just bear with me
21 for a moment.
22                    [Pause in proceedings.]
23          THE COURT: It's my practice to make the deadline for
24 applications to amend pleadings or add parties as early as
25 practicable in the discovery period so that all known claims,

10

1  defenses and potential parties are identified in the pleadings
2  early in discovery.  So I'm going to make that deadline
3  December 2nd of 2013.  There is a general provision for
4  applications for amendment or modification of deadlines on a
5  showing of good cause and so that can be invoked to the extent
6  that discovery indicates a need for further amendments or
7  [inaudible].
8             [Pause in proceedings.]
9             THE COURT: I am adopting your November 8th deadline
10 for Rule 26 disclosures and the formula for the fact and
11 expert discovery deadlines so Paragraph 2(c) of this order
12 will read that the non expert witness discovery must be
13 completed by 60 days after the issuance of the court's claim
14 construction order.
15            Then the expert deadline will be 150 days after the
16 issuance of the court's claim construction -- I'm sorry, after
17 the completion of fact discovery.  150 days after the
18 completion of fact discovery.  That's 160 and 245.
19            Then the 26(a)(2) deadline for initial reports is
20 105 days before the expert cutoff and the deadline for
21 rebuttal disclosures is 45 days before the expert cutoff.  I
22 think that incorporates your formula.
23            In 2(g) for additional limitations or provisions I'm
24 noting that you agree to forego preservation depositions.
25            So then Section 4 is titled modification and

1  supplementation of certain patent local rules.  So that's the
2  paragraph that coordinates our local rules with those couple
3  of provisions Northern District of California that I'm pulling
4  in and I'll use your 60 day periods.  Just give me a moment
5  since I have to change a couple of things in here.
6              [Pause in proceedings.]
7          THE COURT: So the parties disclosures pursuant to
8  Local Patent Rule 6 must be filed within 60 days after the
9  date of this order and must include the information specified
10 in Rule 3-1 of the Northern District rules and be accompanied
11 by the document disclosure described in Northern District Rule
12 3-2.  Then -- one second.
13             [Pause in proceedings.]
14         THE COURT: This isn't -- my standard language isn't
15 set up for bilateral infringement claims so that's why I'm
16 having to go around and fix things.
17         Then I say the parties' invalidity contentions
18 pursuant to the Local Rule 7 must be filed within 60 days
19 after service of their Local Rule 6 disclosure must include
20 the information described in Northern District Rule 3-3 and
21 must be accompanied by the document disclosure described in
22 Northern District Rule 3-4 and Northern District Rule 3-6 also
23 applies.
24         The disclosures pursuant to 6 and 7 must be filed
25 with the court at the time of service and then the joint claim

1  terms chart pursuant to Local Rule 11 has to be filed within
2  60 days after service, after service of the Local Rule 7
3  disclosures.
4          Then it goes on to say if the parties believe a
5  Markman hearing will be required the joint claim terms chart
6  has to be accompanied by a request that the court schedule a
7  Markman hearing and an estimate of the amount of time that
8  should be allocated for such a hearing.
9          Now I'm going to add the briefing provisions.  So
10 bear with me.
11              [Pause in proceedings.]
12         THE COURT: Actually I'm running a little bit behind
13 so the 10:15 will probably be a little more like 10:30 because
14 I have one other civil case.  Thank you.
15              [Pause in proceedings.]
16         THE COURT: So the briefing provisions now say the
17 parties must file their respective opening claim construction
18 briefs on their asserted patents within 14 days after their
19 filing pursuant to Local Rule 11.  That's the joint claim
20 terms chart.
21         Responsive briefs within 30 days after the filing of
22 the opening briefs and reply briefs within seven days after
23 the filing of the responsive briefs.  I think that matches up
24 with the formula that you had proposed with somewhat different
25 starting accounting points.

13

1    You have to give me courtesy copies of everything at
2  the time of filing.  So that's what Paragraph 4 says.  One
3  moment.
4                      [Pause in proceedings.]
5           THE COURT: So the joint preliminary trial report is
6  due -- this is under the pilot project procedure.  That's due
7  14 days after the completion of fact discovery and at that
8  time you make a written request to the court to schedule a
9  case management conference at which time a dispositive motion
10 deadline and the final pretrial conference date will be set.
11 That's in Paragraph 5 of this order.  So I've put TBD for the
12 dispositive motion deadline and the final pretrial conference
13 date and time.
14          I'm checking off that trial witnesses not previously
15 deposed will be made available for deposition and then I'm
16 going to put in the mediation deadline provision.
17          So I just put in there the letter notification about
18 whether you want to go to the magistrate judge or not.  Then
19 this is all in a section that is Section 13 which is captioned
20 other matters.  Now for -- so A of other matters is the trial
21 witnesses not previously deposed.  B is the mediation process,
22 and C will be the good faith efforts to minimize.  I'm just
23 going to type that in now.
24                      [Pause in proceedings.]
25          THE COURT: So I apologize in advance for any

```
                                                                 14
 1   horrible typos.  I'm trying to avoid them.  Let me save this.
 2            Folks, court is in session.  So if you need to talk
 3   please take it outside.  Thank you.
 4            Since it is a bit long I'm just printing one copy
 5   for each.
 6                      [Pause in proceedings.]
 7            THE COURT: Ms. Ing will give you your conformed
 8   copies.  Is there anything else we need to take up together
 9   this morning?
10            MR. MUKERJI: Nothing for Amplify, Your Honor.
11            MR. GUNTHER: Nothing for Greenwood/Heinemann.  Thank
12   you very much, Your Honor.
13            THE COURT: Thank you.  It's good meeting you all.
14   Have a good weekend.
15            THE CLERK: All rise.
16                           *  *  *  *  *
17
18
19
20
21
22
23
24
25
```

15

1    I certify that the foregoing is a court transcript from
2    an electronic sound recording of the proceedings in the above-
3    entitled matter.
4
5                                    _____
6                                            Shari Riemer
7    Dated:   December 16, 2013