Robert J. Gunther, Jr.
Cosmin Maier
WILMER CUTLER PICKERING
 HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 230-8800
(212) 230-8888 (fax)

*Attorneys for Greenwood Publishing Group, Inc.*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMPLIFY EDUCATION, INC., | )<br>)<br>) |
| Plaintiff, | )<br>)<br>) |
| v. | )<br>) |
| GREENWOOD PUBLISHING GROUP, INC. D/B/A HEINEMANN, | ) Civil Action No. 1:13-cv-02687-LTS-RLE<br>)<br>) **JURY TRIAL DEMANDED** |
| Defendant. | )<br>)<br>)<br>)<br>) |

## PATENT LOCAL RULES 3-1: DISCLOSURE OF
## <u>INFRINGEMENT CONTENTIONS</u>

Pursuant to the October 25, 2013 Pre-Trial Scheduling Order, Rule 6 of the Local Patent Rules for the Southern District of New York, and Rule 3-1 of the Local Rules of Practice for Patent Cases before the United States District Court for the Northern District of California ("Patent L.R.") (which the Court has ordered the parties to follow in this case), Defendant Greenwood Publishing Group, Inc. d/b/a Heinemann ("Heinemann") makes the following

Disclosure of Asserted Claims and Infringement Contentions to Plaintiff Amplify Education, Inc. ("Amplify").

Consistent with Patent L.R. 3-6, Heinemann expressly reserves the right to amend this disclosure as additional information becomes available during discovery and as further analysis is performed. Notably, Heinemann served Requests for Production ("RFPs") on Amplify on November 8, 2013, but Amplify has yet to produce any documents. For example, Heinemann's RFPs include requests for two fully functioning samples of the accused Amplify mCLASS assessment products, source code, and programming guides sufficient to explain the functionality of the accused Amplify mCLASS assessment products. Amplify has not yet produced any of this information. Particularly, Heinemann expressly reserves the right to amend this disclosure to satisfy 35 U.S.C. § 112(6) once Amplify produces evidence related to the structure of Amplify's products and pursuant to the Markman order.

A. Asserted Claims

Amplify has been and is infringing, contributing to infringement, and/or inducing others to infringe the following claims, literally and under the doctrine of equivalents, of U.S. Patent No. 6,299,452 ("the '452 patent"):

| Patent | Asserted Claims |
|---|---|
| U.S. Patent No. 6,299,452 | 1-68 (35 U.S.C. § 271(a), (b), and (c)) |

B. Accused Amplify Products

The following list of accused Amplify products is based on information that Heinemann has at this stage of the litigation. Heinemann thus reserves the right to revise and to supplement this list as discovery progresses. Moreover, to the extent Amplify has products in development that operate in a manner similar to the products identified below, Heinemann anticipates

supplementing this list with these products in development as information about these products is made available to Heinemann through discovery.

Heinemann accuses Amplify's Tablet, Burst®: Reading, mCLASS®: DIBELS (Dynamic Indicators of Basic Early Literacy Skills) Next®/IDEL®, mCLASS®: CIRCLE™, mCLASS®: TPRI®/Tejas LEE®, and mCLASS®: Reading 3D™ products of infringing the claims of the '452 patent, as provided in the table below.  Heinemann reserves the right to amend this disclosure as additional information becomes available during discovery and as further analysis is performed.

| **Amplify Product** | **Asserted Claims** |
|---|---|
| Tablet | 18-34, 52-68 |
| Burst®: Reading | 1, 4-18, 21-35, 38-52, 55-68 |
| mCLASS®: DIBELS Next®/IDEL® | 1, 4, 8, 9, 11-13, 15, 16, 18, 21, 25, 26, 28-30, 32, 33, 35, 38, 42, 43, 45-47, 49, 50, 52, 55, 59, 60, 62-64, 66, 67 |
| mCLASS®: CIRCLE™ | 1-4, 15, 18-21, 32, 35-38, 49, 52-55, 66 |
| mCLASS®: TPRI®/Tejas LEE® | 1, 4, 8, 9, 11, 13, 14, 16-18, 21, 25, 26, 28, 30, 31, 33-35, 38, 42, 43, 45, 47, 48, 50-52, 55, 59, 60, 62, 64, 65, 67, 68 |
| mCLASS®: Reading 3D™ | 1, 4, 17, 18, 21, 34, 35, 38, 51, 52, 55, 68 |

A claim chart is provided for these products in Exhibit A.

## C. Claim Chart

The claim chart attached hereto as Exhibit A identifies where each element of the asserted claims is present within each of the charted products.  Heinemann will supplement Exhibit A

once Amplify complies with its discovery obligations and produces the full range of information that Heinemann has requested.

Exhibit A includes citations to certain illustrative supporting evidence.  This evidence is merely exemplary, providing Amplify with notice of where each element of the claims may be found in the accused products, along with notice how the accused products infringe the asserted claims, and Heinemann reserves the right to rely on additional evidence in support of its contentions.

### D.  Inducement and Contributory Infringement

Heinemann alleges that Amplify infringes the asserted claims of the '452 patent directly through, *e.g.*, making, using, offering to sell, and/or selling accused products and devices incorporating the accused products.

Heinemann also alleges that Amplify indirectly infringes the asserted claims of the '452 patent by contributing to infringement and/or inducing others to infringe.  On information and belief, third parties such as ASUSTeK Computer Inc. directly infringe, *e.g.*, by using the accused products and making, using, offering for sale, and/or selling systems that include the accused products as a component.  Furthermore, Amplify has encouraged its customers to purchase and to use the accused products identified above—and Amplify has known or should have known that it thereby has been inducing infringement of the '452 patent.

The accused products are especially made or especially adapted for use in infringing the identified claims.  These instrumentalities are not staples or commodities of commerce, and have no substantial use other than in infringing the identified claims.  Amplify is thus contributing to infringement by its manufacturers, *e.g.*, ASUSTeK Computer Inc., and by its customers.

### E.  Literal Infringement and Doctrine of Equivalents

Heinemann contends that the asserted claims of the patents-in-suit are infringed literally by the accused Amplify products.  To the extent Amplify alleges that any given element of the above-identified claims is not literally present in the accused Amplify products, Heinemann contends that any alleged differences between such claim element and Amplify's accused products are insubstantial.  Amplify's accused products perform substantially the same function, in substantially the same way, to yield substantially the same result as the asserted claims, and therefore also infringe under the doctrine of equivalents.  Heinemann reserves the right to assert a theory of infringement of any claim under the doctrine of equivalents following claim construction.

### F.  Priority Date

The '452 patent was filed as U.S. Patent Application 09/350,791 on July 9, 1999, and thus claims 1-68 are entitled to a priority at least as early as this date.

### G.  Practicing Heinemann Products

Heinemann's Earobics® line of software products practice at least claims 1, 4, 7-18, 21, 24-35, 38, 41-52, 55, and 58-68 of the '452 patent.

### H. Willfulness

Heinemann alleges that Amplify's continued infringement following the initiation of this action has been willful.  Amplify's infringement has been willful because it has continued to act despite an objectively high likelihood that those actions constituted infringement of a valid patent, and this objectively-defined risk was either known or so obvious that it should have been known to Amplify.

## PATENT LOCAL RULE 3-2: DOCUMENT PRODUCTION ACCOMPANYING DISCLOSURE

Heinemann has produced those non-privileged documents in its possession, custody, or control that Heinemann has identified, through a diligent search, as responsive to Patent L.R. 3-2(a)-(e).  Heinemann's discovery and investigation in this matter is continuing, however, and Heinemann thus reserves the right to supplement its production with further responsive documents revealed through its investigation.

**A.  Documents Regarding Public Disclosures and/or Offers For Sale**

At the present time, Heinemann is not aware of any documents responsive to Patent Local Rule 3-2(a).

**B.  Documents Regarding Conception, Reduction to Practice, Design, and Development of Each Claimed Invention**

At the present time, Heinemann is not aware of any documents responsive to Patent Local Rule 3-2(b).

**C.  File History for Patent-In-Suit**

Heinemann has produced the file history of the '452 patent at HEIN00000001-HEIN00000259.

**D.  Documents Evidencing Ownership of the Patents-In-Suit**

In addition to the file history documents identified above, Heinemann has produced documents responsive to Patent L.R. 3-2(d) at HEIN00000260-HEIN00000272.

**E.  Documents Regarding Practicing Heinemann Products**

Heinemann has produced documents responsive to Patent L.R. 3-2(e) at HEIN00000273-HEIN00000597.

| | |
|---|---|
| DATED: December 24, 2013 | /s/ *Cosmin Maier* |
| | Robert J. Gunther, Jr. |
| | Cosmin Maier |
| | WILMER CUTLER PICKERING |
| |   HALE AND DORR LLP |
| | 7 World Trade Center |
| | 250 Greenwich Street |
| | New York, NY 10007 |
| | (212) 230-8800 |
| | (212) 230-8888 (fax) |
| | |
| | *Attorneys for Greenwood Publishing Group, Inc.* |