IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

```
                                   )
AMPLIFY EDUCATION, INC.,           )
                                   )
        Plaintiff,                 )
                                   )
        v.                         )
                                   )   Civil Action No. 1:13-cv-02687-LTS-RLE
GREENWOOD PUBLISHING GROUP,        )
INC. D/B/A HEINEMANN,              )
                                   )
        Defendant.                 )
                                   )
                                   )
                                   )
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: **MAR 0 7 2014**

## STIPULATED PROTECTIVE ORDER

Plaintiff/Counterclaim Defendant Amplify Education, Inc. ("Amplify") and

Defendant/Counterclaim Plaintiff Greenwood Publishing Group, Inc. d/b/a Heinemann

("Heinemann") stipulate to the entry of this Protective Order, which shall govern the handling of

any information produced or disclosed by any party, including third parties, in the above-captioned

litigation (the "Litigation"). This Protective Order includes in its scope any documents, things,

testimony, and information (including all documents and tangible things as defined in Rule 34(a)

of the Federal Rules of Civil Procedure or any applicable local rule) that are produced, disclosed or

filed in the Litigation, by or on behalf of any party or non-party, voluntarily or involuntarily,

whether pursuant to formal or informal discovery requests, subpoena, deposition notice, or motion

practice, and whether revealed in a document, deposition, a response to any type of written

discovery, a submission to the Court or otherwise ("Litigation Material"). Nothing in this

Protective Order shall obligate any party or non-party to produce any Litigation Material to any

other party that it is not otherwise required to produce under the Federal Rules of Civil Procedure

or any applicable local rule.

## Definitions

1.     "Outside Litigation Counsel" shall mean the outside counsel of record for each party in this Litigation, including all regularly employed attorneys, staff, and clerical and support personnel affiliated with or employed by such outside counsel, as well as copy services, translators and other similar vendors providing clerical or administrative support to such outside counsel in connection with this matter.

2.     "Party" or "Parties" shall mean any or all parties to this Litigation.

3.     "Producing Party" shall mean a Party or non-party, on behalf of which Litigation Materials are produced, furnished, or disclosed, during the course of this Litigation, in response to requests for production of documents, interrogatories, requests for admissions, depositions or any other disclosure or request for discovery pursuant to the Federal Rules of Civil Procedure or the Court's local rules, or in the form of pleadings, briefs, memoranda, testimony adduced at trial, materials introduced into evidence or other form of information produced, furnished or disclosed by or on behalf of such a Party or non-party.

4.     "Receiving Party" shall mean any party to which documents, things or information are produced, furnished, or disclosed, whether voluntarily or in response to formal or informal discovery requests, subpoena, deposition notice, or court order, by any Producing Party in this Litigation.

5.     "Source Code" shall mean source code and object code (i.e., computer instructions and data definitions expressed in a form suitable for input to an assembler, compiler, or other translator).   For avoidance of doubt, this includes source files, make files, executable files, header files, library files, module definition files, object files, database schema, directory tree structures and any documents constituting the same.

2

6.      "CONFIDENTIAL INFORMATION" shall mean Litigation Material that reflects

or contains any of the following: (i) confidential or proprietary technical or scientific information;

(ii) confidential know-how; (iii) confidential, proprietary or sensitive business or financial

information; (iv) product research and development information; (v) customer and supplier

information; (vi) marketing strategies and information; (vii) any information which is not

generally known and which the Producing Party would not normally reveal to third parties or

would cause third parties to maintain in confidence; or (viii) confidential information of a

non-party that the Producing Party is bound by a separate confidentiality agreement or court order

to maintain in confidence and that the Producing Party is permitted to produce in the Litigation.

7.      "HIGHLY CONFIDENTIAL OUTSIDE ATTORNEY'S EYES ONLY

INFORMATION" shall mean any Defendant's Litigation Material that reflects or contains any of

the following: (i) highly sensitive design, development, technical, or manufacturing information;

(ii) licensing information; (iii) strategic business information including without limitation business

plans, manufacturing information, cost information or logistical information; (iv) highly sensitive

business planning, strategy, marketing, financial, pricing, or sales information; (v) highly

confidential information of a non-party that the Producing Party is bound by a separate

confidentiality agreement or court order to maintain in confidence and that the Producing Party is

permitted to produce in the Litigation; or (vi) any confidential information that the Producing

Party in good faith believes will result in harm if disclosed to another Party without restriction

upon use or further disclosure.

8.      "HIGHLY CONFIDENTIAL SOURCE CODE - OUTSIDE ATTORNEY'S

EYES ONLY INFORMATION" shall mean Litigation Material of a Producing Party, or of any

3

non-parties that a Producing Party is permitted to produce in the Litigation, that constitutes, references, or contains non-public Source Code.

9.     "DESIGNATED INFORMATION" shall mean information designated CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL OUTSIDE ATTORNEY'S EYES ONLY INFORMATION, or HIGHLY CONFIDENTIAL SOURCE CODE - OUTSIDE ATTORNEY'S EYES ONLY INFORMATION.

## Designation & Marking of Information

10.    Any Litigation Material that either a Party to the Litigation or a third party wishes to be made subject to this Protective Order shall be marked with the designations "CONFIDENTIAL," "HIGHLY CONFIDENTIAL OUTSIDE ATTORNEY'S EYES ONLY," "HIGHLY CONFIDENTIAL SOURCE CODE - OUTSIDE ATTORNEY'S EYES ONLY," or other similar designation at the time it is produced to any other Party.  To facilitate discovery, Parties may designate information in any equivalent and appropriate manner to indicate its confidential nature and the level of its protection under this Protective Order.

11.    To designate information in a deposition transcript, a party may request that the court reporter mark the transcript containing DESIGNATED INFORMATION.  Such requests shall be made on the record whenever practical, but any Party may designate portions of the transcript as permitted under this Protective Order, provided that such designations are made in good faith and are given to the other Party in the Litigation within thirty days after receipt of the final transcript.  Prior to the expiration of thirty days after the receipt of the final transcript, the entire final transcript will be treated at least as HIGHLY CONFIDENTIAL OUTSIDE ATTORNEY'S EYES ONLY, except that portions of the transcript may be filed with the Court under seal in connection with the Litigation at any time.

4

12.     The parties contemplate making available to another party Electronically Stored Information ("ESI"), which may contain DESIGNATED INFORMATION. For ESI, any confidential designation shall be made on the materials within the electronic media (e.g., on the actual electronic file itself) where practical. Where this is not practical, the confidential designation shall be affixed to the outside of the electronic media, such that all information contained on the electronic media shall be treated as having that designation. For documents produced natively, the designation shall be included in the file name. If a Producing Party designates both materials within the electronic media and the outside of the media, the designations within the electronic media shall control in the event of conflicting designations unless agreement between the Parties is otherwise reached regarding the conflicting designations.

13.     In the event a Party elects to produce original files and records, including ESI, for inspection by another Party, the Producing Party need not designate these materials in advance of the inspection. For purposes of the inspection, all documents, things, and ESI produced by the Parties shall be considered HIGHLY CONFIDENTIAL OUTSIDE ATTORNEY'S EYES ONLY INFORMATION and be treated as such. Thereafter, if any Party makes copies of documents, things, and ESI, the Producing Party shall designate and mark the information consistent with the requirements of this Protective Order before producing copies to any other Party.

## Access to DESIGNATED INFORMATION

14.     DESIGNATED INFORMATION shall be maintained in confidence by the Party receiving it and may be used solely for the purpose of conducting the Litigation, and not for any other purpose whatsoever.

15.     "Qualified Persons" as used herein shall include only the following:

        a.     Outside Litigation Counsel as necessarily incident to the conducting of this Litigation;

5

     b.     Outside vendors used to process, duplicate, code, image, or scan

documents, retained by, but not regularly employed by, Outside Litigation Counsel as necessarily

incident to the conducting of this Litigation;

     c.     Qualified Experts, as provided in Paragraph 18(a), and their regularly

employed support personnel (such as administrative assistants, secretaries, clerical and

administrative staff) as necessarily incident to the conducting of this Litigation;

     d.     The Court, its personnel, jurors and alternate jurors, and court reporters,

stenographers and videographers transcribing or recording testimony at depositions, hearings or

trial in this Litigation;

     e.     In-house counsel working on behalf of the Parties who are attorneys

actively involved in this dispute for their employers ("In-House Counsel"), as well as direct

clerical and support staff, copy services, translators and other similar vendors providing clerical or

administrative support to such In-House Counsel in connection with this matter; and

     f.     Mediator(s) and their staff.

16.     "Specially Qualified Persons" as used herein shall include only those Qualified

Persons listed in Paragraphs 15(a)-15(d) and 15(f).

17.     "Source Code Qualified Persons" as used herein shall include only those Qualified

Persons listed in Paragraphs 15 (a), 15(d), and Qualified Experts of Paragraph 15(c) and under

Paragraph 18(a) shall be Source Code Qualified Persons, in addition to their regularly employed

support personnel, as long as such personnel become Qualified Experts as provided in Paragraph

18(a).

18.     Approval of Proposed Qualified Experts.

     a.     A consultant or expert retained by a Party shall become a "Qualified

Expert" as to a particular Producing Party and may receive the CONFIDENTIAL

6

INFORMATION of a Producing Party, HIGHLY CONFIDENTIAL OUTSIDE ATTORNEY'S EYES ONLY INFORMATION, or HIGHLY CONFIDENTIAL SOURCE CODE - OUTSIDE ATTORNEY'S EYES ONLY INFORMATION of a Producing Party only after the following conditions have been satisfied: (i) the proposed Qualified Expert has executed an agreement to Abide By Protective Order in the form attached hereto as Exhibit A; (ii) the executed Agreement and the proposed Qualified Expert's curriculum vitae (including (1) their present employer and title, (2) a list of any known present or former relationships or engagements between them and any Party, (3) a list of other cases in which they have testified (at trial or deposition) within the last seven years, and (4) a list of all companies with which they have consulted or by which they have been employed within the last four years, or, if the identity of the employer is confidential, a description of the engagement and a statement that the employer was not a Party or a competitor of a Party) have been served on the Producing Party; and (iii) the Producing Party has not objected to the proposed Qualified Expert pursuant to Paragraph 18(b), or the Court has ruled that the proposed Qualified Expert may receive CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL OUTSIDE ATTORNEY'S EYES ONLY INFORMATION, or HIGHLY CONFIDENTIAL SOURCE CODE - OUTSIDE ATTORNEY'S EYES ONLY INFORMATION of a Producing Party. A proposed Qualified Expert may only receive HIGHLY CONFIDENTIAL SOURCE CODE - OUTSIDE ATTORNEY'S EYES ONLY INFORMATION after being expressly identified to the Producing Party as seeking access to HIGHLY CONFIDENTIAL SOURCE CODE - OUTSIDE ATTORNEY'S EYES ONLY INFORMATION.

      b.    A Producing Party shall have five (5) business days from the date of facsimile or electronic mail service of the materials and information served pursuant to Paragraph

18(a) to object to a proposed Qualified Expert.  Such objection must be made in good faith,

stating with particularity the reasons for the objection, and must be in writing served on all Parties.

Failure to object within the period referenced in this Paragraph shall constitute approval but shall

not preclude the non-objecting party from later objecting to continued access where facts

suggesting a basis for objection could not have been earlier discovered by exercising due diligence

within the period for making a timely objection.  If a written notice of objection is served, no

DESIGNATED INFORMATION of the Producing Party shall be disclosed to the proposed

Qualified Expert until the objection is resolved by agreement or by an order of the Court.

  c.  The Party seeking to disclose DESIGNATED INFORMATION to the

proposed Qualified Expert bears the burden of seeking an order of the Court.  The objecting

Producing Party shall have the burden of demonstrating why the proposed Qualified Expert should

not be permitted to receive DESIGNATED INFORMATION.

  d.  The failure of a Producing Party to object to the receipt of its

DESIGNATED INFORMATION by a person designated by a Receiving Party under Paragraph

18(b) shall in no way prejudice the Producing Party's right to later move to exclude such person's

testimony or written report on grounds other than the propriety of such person's access to the

Producing Party's DESIGNATED INFORMATION.

  19.  Access to CONFIDENTIAL INFORMATION shall be restricted to Qualified

Persons, as defined in Paragraph 15.

  20.  Access to HIGHLY CONFIDENTIAL OUTSIDE ATTORNEY'S EYES ONLY

INFORMATION and HIGHLY CONFIDENTIAL SOURCE CODE - OUTSIDE ATTORNEY'S

EYES ONLY INFORMATION shall be restricted to Specially Qualified Persons, as defined in

Paragraph 16.

8

21.     Nothing herein shall prevent the disclosure of any DESIGNATED
INFORMATION to any of the following:

a.     Any current employee of the Producing Party if the DESIGNATED
INFORMATION originated with, or was sent to, the current employee of the Producing Party, as
evidenced by the identification of the current employee as an author, recipient, or copyee on the
face of the DESIGNATED INFORMATION;

b.     Any current employee of the Receiving Party if the DESIGNATED
INFORMATION originated with, or was sent to, the current employee of the Receiving Party, as
evidenced by the identification of the current employee as an author, recipient, or copyee on the
face of the DESIGNATED INFORMATION; or

c.     During deposition, hearing, or trial testimony, any former employee of the
Receiving Party or Producing Party if the DESIGNATED INFORMATION originated with, or
was sent to, the former employee, as evidenced by the identification of the former employee as an
author, recipient, or copyee on the face of the DESIGNATED INFORMATION, or because the
DESIGNATED INFORMATION comes from the files of the former employee, or where it
otherwise appears from other documents or testimony to have been received from or
communicated by that person.

22.     HIGHLY CONFIDENTIAL SOURCE CODE-OUTSIDE ATTORNEY'S EYES
ONLY INFORMATION shall be subject to the additional protection of this Paragraph.

a.     Nothing in this Protective Order shall obligate the Parties to produce any
Source Code, nor act as an admission that any particular Source Code is discoverable.

b.     Access to Source Code will be given only to Source Code Qualified
Persons.

9

      c.    All Source Code Qualified Persons who will review Source Code on behalf of a Receiving Party shall be identified in writing to the Producing Party at least seven (7) business days in advance of the first time that such person reviews such Source Code. Such identification shall be in addition to any disclosure required under Paragraph 18(b) of this order.

      d.    To the extent that materials designated HIGHLY CONFIDENTIAL SOURCE CODE - OUTSIDE ATTORNEY'S EYES ONLY INFORMATION are made available for inspection in this action, the materials shall be made available for inspection in native electronic format and access to such materials will only be provided on stand-alone secured systems (i.e. computer systems not connected to a network or the Internet) maintained in the sole control and custody of counsel of record for the Producing Party, and shall be maintained at a mutually agreed office of counsel of record for the Producing Party. The Producing Party shall accommodate reasonable requests by the Receiving Party to install source code analysis tools, applications, and/or utilities provided by the Receiving Party on the secured computer system.

      e.    All Source Code Qualified Persons who will review Source Code on behalf of a Receiving Party shall not alter, dismantle, disassemble or modify the secure computer in any way, and shall not attempt to circumvent any security feature of the computer.

      f.    The Receiving Party shall not have the right to, and agrees not to, copy, transmit, or duplicate HIGHLY CONFIDENTIAL SOURCE CODE - OUTSIDE ATTORNEY'S EYES ONLY INFORMATION materials in any manner, including scanning or otherwise creating an electronic image of the HIGHLY CONFIDENTIAL SOURCE CODE - OUTSIDE ATTORNEY'S EYES ONLY INFORMATION materials, except as set forth herein:

          i.    A printer shall be attached to the stand-alone secured system and the Receiving Party may print a reasonable number (not to exceed 100 pages without

10

the consent of the Producing Party) of hard copy pages of source code as need by the Receiving Party for use in judicial filings or proceedings, expert reports, and depositions of persons or entities permitted to access HIGHLY CONFIDENTIAL SOURCE CODE - OUTSIDE ATTORNEY'S EYES ONLY INFORMATION material.

ii.      The Producing Party shall provide paper for the printer that has been pre-marked by the Producing Party with production numbers and the designation HIGHLY CONFIDENTIAL SOURCE CODE - OUTSIDE ATTORNEY'S EYES ONLY INFORMATION. The Producing Party shall use such pre-marked paper for printing the hard copies of source code. The Producing Party may retain a copy of the hard copies of the source code printed by the Receiving Party.

iii.      The Receiving Party shall keep a log including: (a) the custodian of each hard copy of any material designated HIGHLY CONFIDENTIAL SOURCE CODE - OUTSIDE ATTORNEY'S EYES ONLY INFORMATION: and (b) the name of all persons other than outside counsel of record accessing HIGHLY CONFIDENTIAL SOURCE CODE - OUTSIDE ATTORNEY'S EYES ONLY INFORMATION materials.

iv.      All HIGHLY CONFIDENTIAL SOURCE CODE - OUTSIDE ATTORNEY'S EYES ONLY INFORMATION materials in the possession of the Receiving Party, including all copies thereof, shall be maintained in a secured. locked area.

v.      All HIGHLY CONFIDENTIAL SOURCE CODE - OUTSIDE ATTORNEY'S EYES ONLY INFORMATION materials utilized during

deposition or marked as an exhibit at a deposition shall be retrieved by the party

conducting the deposition at the end of each deposition day.    At no time shall any

HIGHLY CONFIDENTIAL SOURCE CODE - OUTSIDE ATTORNEY'S EYES

ONLY INFORMATION material be given to or left with the court reporter,

videographer, or any other individual not authorized under the Protective Order to

retain such HIGHLY CONFIDENTIAL SOURCE CODE - OUTSIDE

ATTORNEY'S EYES ONLY INFORMATION material.

      vi.    The Receiving Party shall not convert any of the information

contained in any hard copies of HIGHLY CONFIDENTIAL SOURCE CODE -

OUTSIDE ATTORNEY'S EYES ONLY INFORMATION material into an

electronic format, except when reproducing specifically identified excerpts of the

information in an expert report or court filing, and then only according to the

additional restrictions on HIGHLY CONFIDENTIAL SOURCE CODE -

OUTSIDE ATTORNEY'S EYES ONLY INFORMATION materials contained in

this Protective Order.

      vii.    In the event that a Receiving Party includes HIGHLY

CONFIDENTIAL SOURCE CODE - OUTSIDE ATTORNEY'S EYES ONLY

INFORMATION material in an expert report, the HIGHLY CONFIDENTIAL

SOURCE CODE - OUTSIDE ATTORNEY'S EYES ONLY INFORMATION

must be redacted from the version of the expert report served on all parties other

than the Producing Party.

      viii.    In the event that a Receiving Party includes HIGHLY

CONFIDENTIAL SOURCE CODE - OUTSIDE ATTORNEY'S EYES ONLY

12

INFORMATION material in a court filing, the HIGHLY CONFIDENTIAL SOURCE CODE - OUTSIDE ATTORNEY'S EYES ONLY INFORMATION material shall be filed under seal. The Receiving Party shall not serve HIGHLY CONFIDENTIAL SOURCE CODE - OUTSIDE ATTORNEY'S EYES ONLY INFORMATION material on any party other than the Producing Party, but instead shall prepare a redacted version of the filing with the HIGHLY CONFIDENTIAL SOURCE CODE - OUTSIDE ATTORNEY'S EYES ONLY INFORMATION material excluded.

23. At any time prior to the final pretrial conference in this Litigation, a Producing Party may seek additional protection for previously produced Litigation Material by reproducing and re-designating such Litigation Material as DESIGNATED INFORMATION. If Litigation Material was properly shown or produced to a person who would not be entitled to see it as newly re-designated, that person shall be advised that the Litigation Material has been re-designated as DESIGNATED INFORMATION, as the case may be, and instructed not to use the Litigation Material for any purpose other than the conducting of this Litigation and to destroy any copies of such Litigation Materials and notes made therefrom.

24. All Litigation Materials containing DESIGNATED INFORMATION that are included with or disclosed in any paper filed with the Court shall be filed in accordance with the Court's rules for filing documents under seal. *Redacted copies must be filed on the Court's ECF system.*

25. Within 60 days of the final disposition of this Litigation, including all appeals, each Party shall return or destroy all DESIGNATED INFORMATION of another Party. This provision does not apply to court papers, deposition and trial transcripts, or documents containing

13

attorney work-product provided that these materials are maintained in accordance with this Protective Order.

26.      Any person who receives, reviews or otherwise becomes aware of the contents of another Party's HIGHLY CONFIDENTIAL OUTSIDE ATTORNEY'S EYES ONLY INFORMATION or HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEY'S EYES ONLY INFORMATION, shall not prepare, supervise, provide advice regarding, or assist substantively in any manner the pursuit of patent claims through the preparation and/or prosecution of any patent application(s) (including but not limited to continuations, continuations-in-part, divisional, renewals, substitutes or convention applications in the United States Patent and Trademark Office) or in any similar proceedings in any foreign counterpart of the United States Patent and Trademark Office, where such application(s) relate in whole or in part to literacy assessment.   Such bar shall be in effect for the longer of two years from the date of disclosure of such information or six months following the completion of this litigation.

## Challenging the Designation of Information

27.      In the event of a dispute with respect to the propriety or correctness of the designation of information, including testimony and documents, under this Protective Order, the Parties shall make a good-faith effort to resolve the dispute.   If the dispute cannot be resolved, any Party wishing to challenge the designation may move for an order vacating the designation within five (5) days of the conclusion of good faith efforts to resolve the dispute.   The Party who made the designation shall bear the burden of showing that the designation is warranted.   The information in question shall be treated as it has been designated until the issue has been resolved by the Court or by agreement of the Parties.

28. No Party shall be obligated to challenge the propriety or correctness of the designation of information, and a failure to do so shall not preclude a subsequent challenge to the designation.

## Inadvertent Disclosure of Protected Information

29. Nothing in this Protective Order shall require production of information that a Party contends is protected from disclosure by the attorney-client privilege, the work product immunity or other lawful privilege, doctrine, right, or immunity. If information subject to a claim of attorney-client privilege, work-product immunity, or other privilege, doctrine, right, or immunity is nevertheless inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver or estoppel as to any such privilege, doctrine, right, or immunity.

30. If a Producing Party notifies the Receiving Party that it has produced a document that it deems either attorney-client privileged or subject to a claim of work product ("Protected Information"), all copies of the document(s) including any metadata shall, at the Producing Party's option, either be returned to the Producing Party or destroyed by the Receiving Party, no later than three (3) business days from receiving notice. In the event that the Producing Party requests destruction, the Receiving Party shall provide written certification of compliance within three (3) business days of such request.

31. If, upon inspection of a document, the Receiving Party knows or reasonably should know that the document(s) is subject to a claim of attorney-client privilege and/or work product, the Receiving Party shall immediately notify the Producing Party. Upon request, all copies of the document(s) including any metadata shall, at the Producing Party's option, either be returned to the Producing Party or destroyed no later than three (3) business days from such request. In the

15

event that the Producing Party requests destruction, the Receiving Party shall provide written certification of compliance within three (3) business days of such request.

32.     If the instances described in paragraph 29 and/or 30 above should occur, the Receiving Party will immediately cease all use of the document(s) at issue in whole and in part, including any metadata, will not read any unread portion of the document(s), and will not refer to the privileged content during the course of this matter.

33.     If the produced document(s) at issue requires redaction only, the Producing Party shall, within seven (7) business days of receiving confirmation of return or destruction, provide a redacted version of the document(s) to the receiving party.

34.     If the instances described in paragraph 29 and/or 30 above should occur, the disclosure(s) shall in no way prejudice or otherwise constitute waiver of, or an estoppel to, any claim of privilege, work product, or other immunity for such documents or as to their subject matter.

35.     If the instances described in item paragraph 29 and/or 30 above should occur and conditions set forth in those sections are met, the Parties stipulate that: (i) every such disclosure was inadvertent within the meaning of Federal Rule of Evidence 502(b)(1); (ii) the Producing Party took reasonable steps to prevent disclosure under Federal Rule of Evidence 502(b)(2); and (iii) the Producing Party took reasonable steps to rectify the error under Federal Rule of Evidence 502(b)(3).  The Parties also stipulate that the Producing Party will be deemed to have taken reasonable steps to prevent communications or information from inadvertent disclosure under Federal Rule of Evidence 502(b) if that Party utilized either attorney screening, keyword search term screening, advanced analytical software applications and/or linguistic tools in screening for privilege, work product or other protection.

16

36.     If the instances described in paragraph 29 and/or 30 above should occur, no such inadvertently produced attorney-client privilege or work-product protected document(s) may be used in evidence against the Producing Party, unless the privilege or protection for such documents is successfully challenged pursuant to Paragraph 37 below or is otherwise waived by the Producing Party.

37.     If the instances described in paragraph 29 and/or 30 above should occur, the Receiving Party shall not dispute the merits or applicability of the privilege or claim of work product prior to the return or destruction of the document(s).   However, notwithstanding the foregoing provisions, the Receiving Party reserves the right to challenge such claims (other than on the basis of disclosure(s) discussed in paragraphs 29 and 30) once the documents are logged on a privilege log.

38.     Notwithstanding this provision, litigation counsel of record are not required to delete information that may reside on their respective firm's electronic back-up systems or a vendor's systems that are over-written in the normal course of business.

39.     This Protective Order also constitutes an order under Fed. R. Evid. 502(d).   As set forth by that Rule, the Court hereby orders that the attorney-client privilege or work product protection is not waived by an inadvertent disclosure connected with the litigation pending before this Court, in which event the disclosure is also not a waiver in any other federal or state proceeding.

### Continuing Obligations of Confidentiality

40.     Neither the termination of this lawsuit nor the termination of employment of any person who has had access to any DESIGNATED INFORMATION by itself shall relieve such person from the obligation of maintaining the confidentiality of such information, which shall continue as long as the information is confidential.

17

41.     Neither the execution of this Protective Order nor the designation or failure to designate any document or information as DESIGNATED INFORMATION by any Party is any indication as to whether the document or information constitutes the proprietary intellectual property of any Party, including without limitation whether the document or information is protected from use by Copyright or patent protection or as a trade secret or otherwise.

42.     Nothing herein shall modify, or in any way excuse any Party from, any preexisting obligation to maintain the confidentiality of any information or document, whether or not that information or document is in fact designated as DESIGNATED INFORMATION pursuant to this Protective Order.

### Other

43.     Nothing in this Protective Order shall prevent disclosure beyond the terms of this Protective Order: (i) if the Producing Party(ies) consents to such disclosure; (ii) if the Court, after notice of all affected persons, allows such disclosure; or (iii) if the party to whom DESIGNATED INFORMATION has been produced thereafter becomes obligated to disclose the information in response to a lawful subpoena or other legal process, provided that the subpoenaed party gives prompt written notice to counsel for the Producing Party and provides counsel for that party at least ten (10) business days from receipt of the written notice to intervene and seek judicial protection from the enforcement of the subpoena and/or entry of an appropriate protective order in the Litigation in which the subpoena was issued.

STIPULATED AND AGREED TO BY:


DATED:   March 5, 2014

Karolina Jesien (KJ7292)
FISH & RICHARDSON P.C.


Respectfully submitted,

Robert J. Gunther, Jr.
Cosmin Maier

18

601 Lexington Avenue, 52nd Floor
New York, NY 10022
Telephone: (212) 765-5070
Facsimile: (212) 258-2291

*Attorneys for Amplify Education, Inc.*

WILMER CUTLER PICKERING
   HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 230-8800
(212) 230-8888 (fax)

*Attorneys for Greenwood Publishing Group,
Inc. d/b/a Heinemann*


IT IS SO ORDERED this $\underline{7}^{th}$ day of **March** 2014

Honorable Laura Taylor Swain
United States District Judge

## EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| AMPLIFY EDUCATION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:13-cv-02687-LTS-RLE |
| | ) | |
| GREENWOOD PUBLISHING GROUP, | ) | |
| INC. D/B/A HEINEMANN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

I, _____, declare as follows:

1.     I have been requested by counsel for _____ to assist with certain materials which I have been informed contain DESIGNATED INFORMATION within the terms of the Protective Order issued by the Court in the above-captioned action.

2.     I have read the Protective Order and am familiar with its terms.  On behalf of myself and the business organization with which I am employed or affiliated, if one exists, I agree to comply with and be bound by the Protective Order and agree not to disclose any DESIGNATED INFORMATION.  I also agree to use such DESIGNATED INFORMATION to assist counsel only, and only for the purpose of this litigation, and not for any other purpose whatsoever.

3.     I hereby submit myself and my business organization, if one exists, to the jurisdiction of the District Court for the Southern District of New York for the limited purpose of any proceeding relating to performance under, compliance with, or violation of the Protective

20

Order.

    4.    I declare under penalty of perjury that the above is a true and correct statement.


Date: _____ Signed: _____